EMINENT DOMAIN (§§ 131, 141, 203*)—DAMAGES—INJURIES TO PROPERTY NOT
  TAKEN—EVIDENCE OF VALUE.

   Where the state acquires land of a railroad company by condemnation,
  the company is entitled to the market value of the land and the depreci-
  ation of contiguous lands not taken; and, where no question of benefits
  to remaining property is raised, the damage may be ascertained by evi-
  dence of the market value of the land taken and of the damage suffered
  by the rest of the land, or by evidence of value of the company's prop-
  erty before and after the taking.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 353,
  372–376, 542; Dec. Dig. §§ 131, 141, 203.*]

Claim by the Lehigh Valley Railway Company for compensation
against the State of New York for lands taken for state canals. Judg-
ment for plaintiff.

Satterlee, Bissell, Taylor & French, for claimant.
Edward R. O'Malley, Atty. Gen., for the State.

RODENBECK, J. The claimant is a railroad corporation, owning
terminal facilities in the city of Rochester on what is known as the
"Island," bounded by the Genesee river on the west and the Erie
Canal and Erie Canal feeder on the east. The state has appropriated
about half an acre of land belonging to the claimant, fronting on
Griffith street and the Erie Canal. The property has a frontage on
Griffith street of 97.25 feet, a width in the rear of 57.8 feet, and ex-
tends back about 298 feet. Adjoining this property on the west is a
plot of ground upon which the passenger station of the claimant for-
merly stood. Griffith street is one of the main highway approaches to
the island, and crosses the Erie Canal by means of a bridge. The
state owns property north of the appropriated land, and desires to add
this parcel to its holdings. The witnesses on behalf of the claimant
placed the valuation at from $12,600 to $15,000, and those for the
state appraised it at from $3,000 to $4,000.

The witnesses were asked to give the market value of the land ap-
propriated. In this proceeding, however, the court must ascertain
the compensation to which the claimant is entitled; and this compensa-
tion is not necessarily measured by the market value of the land actu-
ally taken. It may be true that land, quite as desirable for certain
purposes, may be had for $3,000 or $4,000; but there is an element of
damage to the remainder of the property of the claimant which must
be taken into account in estimating the compensation to which it is
entitled under the Constitution. It is quite likely that a person desiring
to purchase this property might not be willing to give much more than
the estimate placed upon it by the state's witnesses; but this market
value must be supplemented by any damages that the remainder of the
property of the claimant sustains. It is quite customary to ascertain
the compensation in proceedings of this character by asking witnesses
the value of the property before and after the appropriation; the dif-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ference being the amount of compensation. By this method witnesses may or may not offset benefits, which can only be determined upon cross-examination. In some cases these benefits may exceed the value of the land taken and the damages to the remainder of the property, in which case only a nominal award could be made. It has been held, however, that where benefits are involved the owner is entitled at least to the value of the property actually taken (Matter of City of New York, 190 N. Y. 360, 83 N. E. 299, 16 L. R. A. [N. S.] 335); and in such cases the above method for ascertaining the compensation may not be the correct one. Where benefits are involved, the better rule is to ascertain the value of the property taken, which amount at least must be allowed, and then determine the damages to the balance of the property, offsetting against these damages any benefits from the improvement. With respect to offsetting benefits against the damages to the balance of the property, Judge Cullen said, in the case above cited:

"That benefits may not be set off against consequential damages to the part of the land not taken I do not assert. On the contrary, this would generally accomplish an equitable result (Newman v. Metropolitan El. R. Co., 118 N. Y. 618 [23 N. E. 901, 7 L. R. A. 289]; Bohm v. Metropolitan El. R. Co., 129 N. Y. 576 [29 N. E. 802, 14 L. R. A. 344]); but this much we can hold, and I think we should hold, that in no case should an award be made for less than the value of the property actually taken by condemnation."

In this case, however, no benefits from the taking of the land are involved; and therefore either rule might have been adopted. Upon the basis of either of the rules above considered, the claimant is entitled to the market value of the land actually taken, and, in addition thereto, to the damages occasioned to the remainder of the property of which the appropriated land formed a part. Upon this basis the claimant is entitled to an award of $9,000, together with the expense of procuring abstracts of title, with interest from the date of the appropriation.

Judgment for claimant.